```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RALPHIE HAYES,

                              Plaintiff,          11 Civ. 3714 (PKC) (DF)

                             -against-          ORDER ADOPTING
                                                         REPORT AND
                                                         RECOMMENDATION

CAPTAIN SHIELD #1225, et al.,

                              Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Ralphie Hayes filed a pro se Complaint on May 18, 2011 complaining of mistreatment by various officers of the George R. Vierno Center ("GRVC") located at Rikers Island Correctional Facility. On June 27, 2011, I referred this case to Magistrate Judge Freeman for general pretrial supervision. On October 28, 2011, Magistrate Judge Freeman attempted to notify plaintiff by letter of his obligation to serve defendants within 120 days of filing his Complaint pursuant to Rule 4(m), Fed. R. Civ. P. The letter was returned as undeliverable on November 14, 2011. On March 1, 2012, Magistrate Judge Freeman again attempted to remind plaintiff by letter of his obligations to serve process on defendants. This letter, also returned as undeliverable, further directed plaintiff to show cause by March 23, 2012 why his Complaint should not be dismissed for failure to prosecute under Rule 41(b), Fed. R. Civ. P. Plaintiff then filed an Amended Complaint on April 17, 2012, which contained allegations unrelated to those contained in the Complaint.

        In a Report and Recommendation ("R & R") filed July 5, 2012, Magistrate Judge Freeman recommended that this Court dismiss the action without prejudice for failure to serve process and failure to prosecute. The R & R advised the parties that they had fourteen days (14) from service of the R & R to file any objections, and warned that failure to timely file such

objections would result in waiver of any right to object. The Court mailed a copy of the R &R to: the GRVC, plaintiff's only address on record; the Orange County Jail ("OCJ") in Goshen, New York, the address from which plaintiff submitted his Amended Complaint; and the Anna M. Kross Center ("AMKC") at Rikers Island, ostensibly where plaintiff is currently detained. (R & R at 2 n.1.) On July 16, 2012, the Court received a letter from plaintiff dated July 10, 2012 complaining of his transfer from OCJ to Rikers Island and claiming he "ha[s] no open cases in N.Y.C." (July 10, 2012 Hayes Ltr.) On July 17, 2012, the R & R was returned to the Court as undeliverable.

On July 19, 2012, plaintiff filed an objection to the R & R. Plaintiff objects on the grounds that he has never "received from the Clerk of the Court a Summons for service upon the Defendant"; that he "is being systematically denied access to the Court" by the defendant, including the "withhold[ing of] mail" from plaintiff; and that his Amended Complaint "does not exist" but is instead a "separate and independent action against a separate set of defendants." (Objection to R& R ¶¶ 2–4.) Plaintiff asks the Court to "disregard" the R &R and to grant any relief "that will clarify the reasoning for Plaintiff's inability to comply with the Federal Rules of Civil Procedure." (Id. at 2.)

Having reviewed the record and plaintiff's objections, I find that Magistrate Judge Freeman's R & R to be thorough, well-reasoned, and grounded in law and in fact. The R &R set forth plaintiff's failure to provide the Court with accurate contact information and to pursue his case "other than to submit a new pleading that is wholly unrelated to his initial pleading." (R &R at 2.) Plaintiff's objection does not state he has since effected or attempted to effect service on the defendants, but instead offers unsubstantiated allegations that the defendants are withholding his mail and thus "causing the present lack of communication." (Objection to R &R ¶ 3.) Nonetheless, the Court agrees that because plaintiff proceeds pro se and has not received correspondence from the Court regarding his obligations under Rule 4(m), dismissal of this action shall be without prejudice.

Accordingly, I adopt the R &R in its entirety, and for the reasons set forth therein, this action is DISMISSED without prejudice. The Clerk is directed to close the case.

    SO ORDERED.

                                      P. Kevin Castel
                                 United States District Judge

Dated: New York, New York
       July 31, 2012